**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

MAR 31 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| RANDY BAUGHN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CV NO. 96-HM-1533-J |
| | ) | |
| JOHN KELLEY SMITH, JOHN KELLEY SMITH INSURANCE AGENCY, INC., UNITED STATES FIDELITY AND GUARANTY COMPANY, FIDELITY AND AND GUARANTY INSURANCE COMPANY, FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, FIDELITY AND GUARANTY LIFE INSURANCE COMPANY and Fictitious Party Defendants A - H | ) ) ) ) ) ) ) ) ) | **ENTERED**  MAR 31 1997 |
| Defendants | ) | |

## MEMORANDUM OF DECISION

The above entitled civil action is before the Court upon Plaintiff Randy Baughn's Motion to Remand [filed July 12, 1996]. For the reasons hereinafter stated, this Court finds and holds that the above entitled civil action is due to be remanded to the Circuit Court of Lamar County, Alabama from whence it was removed.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 1995 Plaintiff Randy Baughn commenced the civil action of *Baughn v. First State Bank of Lamar County, John Kelly Smith, Billy Ford Boyett, John Boyett, Basil Mixon, United States Fidelity & Guaranty, Fidelity & Guaranty Life Ins. Co.*, CV 95-059, in the Circuit Court of Lamar County, Alabama. [This is **not** the instant civil action which has been removed to this federal district court]. In his Complaint in that action, Plaintiff Baughn



alleged the following claims: [1] fraud; [2] misrepresentation; [3] suppression; [4] deceit; [5] conspiracy to defraud; [6] forgery; [7] breach of contract; [8] conversion; [9] civil conspiracy to convert; [10] breach of fiduciary obligations; [11] intentional/negligent failure to procure coverage; and [12] lottery; [13] negligent hiring, training, retention and supervision of Defendant Smith by Defendants USF&G and F&G; [14] negligent hiring, training, retention and supervision of Defendants Billy Ford Boyett, John Boyett and Basil Mixon as agents of Defendant First State Bank; and [15] outrage. In his Complaint, Plaintiff alleges that he received a loan from Defendant First State Bank, that he was told by First State Bank that he could receive credit life insurance incident to receiving the loan and that he paid premiums toward the purchase of credit life insurance. Plaintiff further alleges that Defendants First State Bank, John Boyett and Billy Ford Boyett were responsible for Plaintiff's allegedly forged signature to be placed onto a document which resulted in a twenty-five thousand dollars [$25,000.00] flexible premium adjustable death benefit life insurance policy to be taken out on Plaintiff's life through Defendants USF&G and F&G. **Plaintiff alleges that his incident occurred on or about October 2, 1990.**

On May 17, 1996, Plaintiff Randy Baughn commenced this action in the Circuit Court of Lamar County, Alabama against the six named Defendants: [1] John Kelley Smith ["Smith"]; [2] John Kelley Smith Insurance Agency, Inc. ["Smith Insurance"]; [3] United States Fidelity & Guaranty Company ["USF&G"]; [4] Fidelity & Guaranty

Insurance Company ["F&G"]; [5] Fidelity & Guaranty Insurance Underwriters "F&G Underwriters"]; and [6] Fidelity & Guaranty Life Insurance Company ["F&G Life"] and various fictitious party defendants. In his Complaint consisting of **only one count**, Plaintiff's alleges only one claim against Defendants : fraudulent suppression and concealment of material fact.

In the Complaint in the instant case, Plaintiff alleges that **on or about June 15, 1990** he entered into a loan transaction and purchased credit life insurance though the Smith defendants incident to that transaction. Plaintiff alleges that he intended to purchase credit life insurance, paid premiums toward said purchase, and that thereafter, without the knowledge, consent, notice or ratification of Plaintiff, Defendants forged, allowed to be forged, caused to be forged, and/or participated in a scheme to forge applications to place insurance in a manner other than as intended by Plaintiff, thereby allegedly committing fraud on Plaintiff. Plaintiff specifically contends that Smith, as agent for the other Defendants, placed or caused or allowed to be placed the alleged forged signatures of Plaintiff onto a document, to-wit: an application for $25,000.00 of life insurance coverage on the life of Plaintiff with Defendants, and that subsequent to such acts, a term life insurance policy, was issued on Plaintiff's life without Plaintiff's permission or consent.

On June 13, 1996, Defendants USF&G, F&G, F&G Underwriters and F&G Life jointly and timely filed a Notice of Removal to this federal district court asserting that this Court has jurisdiction

3

of the above entitled civil action pursuant to U.S.C. §§ 1332(a)(1) [diversity of citizenship and amount in controversy]. In their Notice of Removal, Defendants USF&G, F&G, F&G Underwriters and F&G Life allege that they are corporations incorporated under the laws of the State of Maryland with their principal place of business in the State of Maryland and that Plaintiff is a resident citizen of the State of Alabama residing in Lamar County, Alabama. Defendants further allege in their Notice of Removal that Defendants John Kelley Smith and John Kelley Smith Insurance Agency **are fraudulently joined in this action by Plaintiff for the sole purpose of defeating diversity jurisdiction.** However, Defendants fail to plead or otherwise mention the citizenship of Defendants Smith or Smith Insurance Agency in their Notice of Removal; instead, they refer the Court to a Complaint previously filed in the Circuit Court of Lamar County, Alabama [CV 95-59] alleging that this Complaint is proof of fraudulent joinder.

In their Notice of Removal, Defendants allege that the amount in controversy exceeds fifty thousand dollars [$50,000.00]. In his Complaint, **Plaintiff requests compensatory and punitive damages, but does not request a specific monetary amount.** In support of their claim that this civil action exceeds $50,000.00, Defendants acknowledge that Plaintiff has not made a specific monetary demand for damages, but allege that in the prior lawsuit filed by Plaintiff in the Circuit Court of Lamar County "which raises the same claims as this actin [sic], plaintiff demands $260,000.00 in compensatory and punitive damages."

4

Simultaneously with filing the Notice of Removal, Defendants F&G Insurance and F&G Underwriters filed a Motion for Summary Judgment [filed June 13, 1996]. On July 12, 1996 Plaintiff timely filed a Motion to Remand.

*DISCUSSION*

I. **SCOPE AND STANDARD OF REVIEW FOR THE PRINCIPLE OF FRAUDULENT JOINDER**

At the time the instant action was filed, federal district courts had original jurisdiction over cases in which diversity of citizenship exists and in which the amount in controversy exceeds Fifty Thousand dollars [$50,000.00] exclusive of interest and costs. 28 U.S.C. § 1332.[1] In a state court action, if some defendants are of a different citizenship than the plaintiff but another defendant is of the same citizenship as the plaintiff, defendants may remove the action to federal district court and seek to invoke the court's diversity jurisdiction by maintaining that the non-diverse defendant was not properly joined as a defendant in state court. The removing parties bear the burden of proving that the non-diverse defendant was "fraudulently joined" -- that is, either that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the [non-diverse] defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)(emphasis added).

---

[1] The amount in controversy requirement in diversity of citizenship actions in federal district courts was amended to $75,000 in January, 1997. 28 U.S.C. § 1332.

5

A defendant has a high burden in establishing fraudulent joinder -- it must present evidence that "compels the conclusion that the joinder is without right and made in bad faith . . .." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). A defendant must assert with particularity that a joinder is fraudulent and support the claim by clear and convincing evidence. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964). Both parties may submit affidavits and/or deposition transcripts. *Coker*, 709 F.2d at 1440. The court must evaluate all disputed issues of fact and law in favor of the plaintiff. *Id.* "If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Id.* at 1440-41.

II. *LAW GOVERNING PLAINTIFF'S STATE LAW CLAIMS*

In the instant case, in support of the Notice of Removal and argument that the resident Defendants Smith and Smith Insurance are fraudulently joined as defendants in this action, Defendants argue that no recovery can be had against Defendants F&G, USF&G, F&G Underwriters and F&G Life for fraudulent suppression and/or concealment of material facts. Therefore, Defendants argue that Plaintiffs' joinder of Smith and Smith Insurance Agency in this civil action is fraudulent.

As their primary argument supporting removal, Defendants contend that under Alabama law [Ala. Code § 6-5-440], no plaintiff

6

is entitled to prosecute two actions in the courts of the State of Alabama at the same time, for the same cause and against the same parties. Ala. Code § 6-5-440 provides:

> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commence at different times.

Defendants contend that the elements of this Alabama abatement[2] statute are met with regard to Plaintiff's claims against Smith and Smith Insurance because: [1] Plaintiff filed a prior complaint in the Circuit Court of Lamar County, Alabama on May 19, 1995 naming Smith as a defendant; [2] Plaintiff's factual allegations in the first civil action filed in the Circuit Court of Lamar County arise out of the same alleged transaction and occurrence as the instant civil action which has been removed to this Court; [3] the cause of action alleged in the instant case for fraudulent suppression is purportedly identical to Plaintiff's allegations in the prior civil action in Lamar County; [4] the requirement of Alabama Code § 6-5-440 that a second cause of action involving the same parties is satisfied because the plaintiff in both cases is the same individual and the individual Smith has been named as a defendant in each cause of action; [5] the element of abatement requiring that a plaintiff maintain two causes of action simultaneously is satisfied because the prior action filed by

---

[2] An abatement of an action is defined as an "overthrow or destruction of the suit so that it is quashed and ended." *Black's Dictionary of Law*, 1 (5th ed. 1983).

7

Plaintiff is still pending. Therefore, Defendants argue that under the doctrine of abatement pursuant to Ala. Code § 6-5-440, Plaintiff in the instant case has no valid cause of action against Defendants Smith or Smith Insurance Agency.

In his Motion to Remand, Plaintiff argues that although his first lawsuit in the Circuit Court of Lamar County involves issues of fraud based upon similar conduct by some of the same Defendants, **the first lawsuit arises out of a wholly independent transaction occurring October 2, 1990** and **involving a different policy of insurance. He points out that the instant lawsuit concerns an incident occurring on June 15, 1990.** Plaintiff alleges that he did not file the instant lawsuit until a later time because Plaintiff was unaware of the alleged forgeries or alleged fraudulent acts of this lawsuit until November 29, 1995. At that time, during the deposition of Plaintiff in the first civil action [*Baughn v. First State Bank, et al.*, CV 95-59], Plaintiff reviewed documents produced by a defendant in that case and first became aware of the allegedly fraudulent concealment of facts made by Defendants in that transaction.

*III. PROCEDURAL DEFICIENCIES IN DEFENDANTS' NOTICE OF REMOVAL*

　　*A. FAILURE OF ALL DEFENDANTS TO JOIN IN CONSENT TO REMOVAL*

This United States District Court expressly finds, determines and holds in this case on the basis of the court record and applicable law that Defendants John Kelley Smith and John Kelley Smith Insurance Agency DID NOT join in or consent to the removal of this case to this federal district court.

8

Removal procedure requires that all defendants join in the Notice of Removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970).[3] While every served defendant need not actually sign the same Notice of Removal and may simply consent to the removal of the state court action in some timely and appropriate manner consistent with the dignity and solemnity such important federal court practice and procedure requires, the alleged fact, if it be a fact, that one defendant orally informed another defendant or other of his, her or its consent to removal is insufficient to constitute joinder in or consent to a Notice of Removal. Moreover, even informing another defendant or other defendants in writing such as by a written note or letter would also be insufficient, in the opinion of this United States District Court. **The occasion itself, that is either joining in or consenting to a Notice of Removal, demands and requires a pleading type solemnity by the defendant who as a would be federal court litigant professes to be doing one or the other to get the civil action into federal district court.**

**B.   FAILURE OF DEFENDANTS TO PROPERLY PLEAD DIVERSITY OF CITIZENSHIP**

As previously mentioned in this Memorandum of Decision, Defendants have failed to plead in their Notice of Removal the citizenship of the resident Defendants Smith and Smith Insurance Agency. They have instead referred the Court to Plaintiff's

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) the Eleventh Circuit adopted as binding precedent all cases decided by the Fifth Circuit Court of Appeals handed down by the close of business on September 10, 1981.

previously filed Complaint in Lamar County to ascertain Plaintiff's citizenship.

I.  **AMOUNT IN CONTROVERSY REQUIREMENT OF 28 U.S.C. § 1332**

The recent case of *Tapscott vs. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) squarely holds: [1] the removing defendants have the burden of proving the existence of federal jurisdiction; [2] the removing defendants' ability to remove this state case to this federal district court is not unfettered; [3] the proper balance between plaintiff's right to choose his forum and defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by the preponderance of evidence standard when the amount of the damages claimed by a plaintiff is unspecified; [4] diversity jurisdiction requires complete diversity, with every plaintiff diverse from every defendant; [5] the removability of the case should be determined according to plaintiff's pleading at the time of filing of the notice of removal; and [6] where plaintiff has made unspecified demand for damages in state court, the removing defendants must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement.

This Court is constrained to also note that Defendants cite no reported or decided Alabama fraudulent suppression cases in the Notice of Removal or in supporting brief and argument in the way of dollar amount results and underlying facts in which jury verdicts have been rendered in Alabama courts, state or federal, in amounts in excess of $50,000, exclusive of interest and costs, which might

10

support the proposition that the amount in controversy here exceeds the 28 U.S.C. § 1332(a) jurisdictional requirement.

In short, this Alabama case of fraudulent case simply does not possess the characteristics of a high roller case, moneywise. And for the reasons hereinabove stated, this Court, after conducting an independent evaluation of the 28 U.S.C. 1332(a) amount in controversy in the above-entitled civil action holds that the 28 U.S.C. § 1332(a) amount in controversy here is **far less than the sum or value of $50,000.**

## *DISCUSSION*

Upon consideration of the pleadings filed in this case, this Court is simply not prepared to now hold and rule in this case that there is no possibility that the Plaintiff will not be able to establish a viable cause of action against the resident Defendants. Moreover, this Court flatly declines to here and now hold and rule in this case that Plaintiff has been guilty of outright fraud in his pleading of jurisdictional facts in the above-entitled civil action. This federal district court therefore holds that the removing Defendants have not met their burden of proving fraudulent joinder of the Defendants Smith and Smith Insurance Agency.

## *CONCLUSION*

Bearing in mind, as this Court must, the high burden imposed on Defendants in attempting to establish the fraudulent joinder of Defendants John Kelley Smith and John Kelley Smith Insurance Agency, and resolving, also as this Court must, all factual and legal disputes in favor of Plaintiff, the Court concludes that the

11

circumstances of this case do not support Defendants' charge of fraudulent joinder. Or stated otherwise, it is clear that Defendants have not established by clear and convincing evidence that Plaintiff cannot establish a cause of action against Defendant John Kelley Smith or John Kelley Smith Insurance Agency. More than a "possibility" exists in the instant case that a state court would find that Plaintiff's Complaint states viable causes of action against Defendants John Kelley Smith or John Kelley Smith Insurance Agency.

Therefore, the Court concludes that this case is due to be remanded to the Circuit Court of Lamar County, Alabama from whence it was removed for lack of subject matter jurisdiction. An appropriate order will be entered in the above entitled-civil action contemporaneously with the entry of this Memorandum of Decision and consistent with the views herein expressed.

DONE this 31st day of March, 1997.

_____
E. B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

12